## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

ANA RAQUEL COLATO
11512 Lockwood Drive, Apt. A1
Silver Spring, MD 20904

     *Plaintiff,*

    v.

JUBILEE JUMPSTART, INC.
2525 Ontario Road, N.W.
Washington, D.C. 20009

Serve: Deirdre Parker Wright.
    Resident Agent
    2525 Ontario Road, N.W.
    Washington, D.C. 20009

DEIRDRE PARKER WRIGHT
525 Ontario Road, N.W.
Washington, D.C. 20009

    *Defendants*.

Case No.: 22-1585

## COMPLAINT

Plaintiff, Ana Raquel Colato ("Plaintiff") by her undersigned counsel, Melehy & Associates LLC, hereby brings suit against Jubilee Jumpstart, Inc. ("JJI") and Deirdre Parker Wright ("Parker Wright"), for violations of the District of Columbia Minimum Wage Revision Act, D.C. Code §§ 32-1001 *et. seq.* ("DCMWRA") and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("the FLSA"). Plaintiff alleges as follows:

### THE PARTIES

1.    Plaintiff is an adult resident of Maryland and was employed by JJI and Parker Wright from July 9, 2019 to May 23, 2022, when she was terminated. During her employment with JJI and Parker Wright, Plaintiff performed work as an Assistant Teacher. She was promoted

to Associate Teacher on June 21, 2021.

2.      JJI is organized under the laws of the District of Columbia and is licensed to do business in the District of Columbia. At all times relevant to the Complaint, JJI employed the Plaintiff within the meaning of the DCMWRA and the FLSA because it treated her as an employee, paid her wages, supervised her, determined her pay, hired her and had the authority to terminate her employment.

3.      JJI also meets the definition of an "Enterprise Engaged in Commerce" under the FLSA (29 U.S.C. § 203(s)(1)(A)(i)), as it has: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

4.      Parker Wright is the Executive Director of JJI. She is an employer of Plaintiff within the meaning of the DCMWRA and the FLSA because: (1) she has operational control over JJI and is significantly involved in the operations; (2) indirectly through subordinate managers, she controlled the terms and conditions of Plaintiff's employment, including her work schedules, compensation and pay practices, and did in fact set the terms and conditions of Plaintiff's employment; (3) she had the authority to hire and fire Plaintiff; (4) she has actual and functional control over JJI's corporate funds, which were used to pay JJI employees, including Plaintiff, and he has the authority to allocate funds as profits in the manner he chooses; (5) through the actions of subordinate managers, she had authority to set Plaintiff's rates and manner of pay and authorized payment of Plaintiff's wages; (6) she had knowledge of and approved of the unlawful manner in which Plaintiff was paid; (7) she established pay practices and formulated and approved pay

policies that caused the violations at issue; and (8) she maintained the Plaintiff's employment records.

## JURISDICTION

5.      Plaintiff is asserting causes of action against JJI and Parker Wright for unpaid overtime wages which arise under the DCMWRA and the FLSA.

6.      The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's District of Columbia claims under 28 U.S.C. § 1367.

7.      This Court has *in personam* jurisdiction over Defendants because all of them conduct business in the District of Columbia and this case arises from Defendants' activities in the District of Columbia.

## STATEMENT OF FACTS

8.      In both of her roles as Assistant Teacher and later Associate Teacher, Plaintiff performed rudimentary childcare functions for one and two-year-olds. However, during that time, Plaintiff regularly worked more than 40 hours per week, but was paid on a salary basis and did not receive an overtime premium for the overtime hours she worked.

9.      Plaintiff's bi-monthly salary was intended to compensate her the first 40 hours of work in a workweek, not for any overtime hours. *See* 29 C.F.R. § 778.113.

9.      Plaintiff generally worked from Monday through Friday. Each day she would take a one-hour lunch break.  She would generally begin her workday between 8:25 a.m. and 8:32 a.m. She would generally end her workday between 5:40 p.m. to 6:00 p.m. On average, Plaintiff would work until 6:00 p.m. two days per week and she would work until 5:40 p.m. or later the remaining

three days. On less frequent occasions, Plaintiff would arrive as early as 8:00 a.m. and finish her workday between 5:40 p.m. and 6:00 p.m. She would take a one-hour lunch break on these days as well.

10.     In addition, on May 14, 2022, Plaintiff attended a mandatory Saturday meeting which lasted six hours and included a one-hour lunch break (this was five hours of work). Plaintiff did not receive any pay at all for this time and did not receive an overtime premium for any of the overtime hours she worked during that pay period. During this time frame, Plaintiff performed rudimentary and basic childcare functions that were not except under the DCMWRA or the FLSA.

11.     During the time Plaintiff performed work for JJI and Parker Wright, Plaintiff was employed within the District of Columbia within the meaning of D.C. Code § 32-1003 (b), because during the time she worked exclusively in the District of Columbia.

12.     The applicable statute of limitations under the DCMWRA (which went into effect on February 26, 2015), provides that an action, "must be commenced within 3 years after the cause of action accrued, or the last occurrence if the violation is continuous. . . ."  D.C. Code § 32-1308 (c)(1). On a continuing and ongoing basis from the time she began her employment with JJI and Parker Wright, Defendants failed to pay the Plaintiff an overtime premium for her overtime hours in violation of the DCMWRA. Given that the last violation occurred on or about May 23, 2022, at the earliest, the limitations period for the wage claims will not elapse until May 23, 2025. Therefore, Plaintiff has asserted timely claims for violations of the DCMWRA.

13.     Thus, Plaintiff is entitled to her unpaid overtime wages plus an equivalent amount equal to three times her unpaid overtime wages as liquidated damages pursuant to D.C. Code §§ 32-1012 (b)(1), along with attorney's fees at the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C.

Code § 32-1308 (b)(1).

**COUNT I**
**VIOLATIONS OF THE FLSA**
**(Defendants JJI and Parker Wright)**

14.     Plaintiff re-alleges and incorporates the allegations contained in the paragraphs above.

15.     Plaintiff was engaged in commerce and/or handled goods that have been moved in commerce, and alternatively, JJI was an enterprise engaged in commerce, during the time Plaintiff was employed by JJI and Parker Wright.

16.     JJI and Parker Wright violated the FLSA by knowingly failing to pay Plaintiff an overtime premium for her overtime hours – *i.e.* one and one-half times her regular hourly rate for each hour over 40 that he worked during each workweek.

17.     JJI and Parker Wright's actions were willful as defined by the FLSA and were not undertaken in good faith and therefore, they are liable to Plaintiff for liquidated damages and the statute of limitations is extended to three years.

18.     JJI and Parker Wright are liable to Plaintiff under 29 U.S.C. § 216(b) of the FLSA, for her unpaid overtime premium compensation for the entire period of her employment with Defendants, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses.

19.     The time-frame for which damages are sought under the FLSA is from July 9, 2019 to the time Plaintiff's employment with JJI ended.

20.     The precise amount owed to the Plaintiff by JJI and Parker Wright cannot be calculated because Plaintiff and her counsel do not possess all of her payroll or time records, which are in possession of JJI and Parker Wright.

5

## COUNT II
## VIOLATIONS OF THE DCMWRA
### (Defendants JJI and Parker Wright)

21.     Plaintiff re-alleges and incorporates the allegations contained in the paragraphs above.

22.     At all times relevant to the Complaint, Plaintiff was an "employee" of JJI and Parker Wright within the meaning of D.C. Code § 32-1002 (2).

23.     At all times relevant to the Complaint, JJI and Parker Wright were "employers" of Plaintiff within the meaning of D.C. Code § 32-1002 (3).

24.     JJI and Parker Wright violated the DCMWRA by failing to pay Plaintiff an overtime premium for the overtime hours she worked.

25.     The time frame for which damages are sought under this Count is from July 9, 2019 to May 23, 2022.

26.     As a result of the violations of the DCMWRA by JJI and Parker Wright, they are liable for Plaintiff's unpaid wages, liquidated damages equal to three times the unpaid overtime wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

27.     The precise amount owed to the Plaintiff by JJI and Parker Wright cannot be calculated because Plaintiff and her counsel do not possess all of her time and payroll records, which are in possession of JJI and Parker Wright.

**RELIEF REQUESTED**

Plaintiff requests the following relief:

A.     enter a judgment against JJI and Parker Wright, jointly and severally, and in favor of Plaintiff, based on their violations of the FLSA, in the amount of Plaintiff's unpaid and illegally withheld overtime wages, plus an amount equal to her unpaid overtime wages as liquidated damages;

B.     enter a judgment against JJI and Parker Wright, jointly and severally, and in favor of Plaintiff, based on their violations of the DCMWRA, in the amount of Plaintiff's unpaid and illegally withheld overtime wages, plus an amount equal to three times the amount of unpaid overtime wages as liquidated damages;

C.     as to all Defendants, jointly and severally, award Plaintiff her litigation costs and attorney's fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

Respectfully submitted,

_____/s/_____

Omar Vincent Melehy, Esq.
DC Bar No.: 415849
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
ovmelehy@melehylaw.com
Phone:  (301) 587-6364
Fax:     (301) 587-6308
*Attorney for Plaintiff*